***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer, along with the briefs and arguments on appeal. The appealing party has not shown good grounds to amend the prior Opinion and Award. Accordingly, the Full Commission affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all relevant times herein, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. All parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
3. On 8 April 1999 an employment relationship existed between the plaintiff and defendant-employer.
4. All parties have been properly designated, and there is no question as to misjoinder or nonjoinder of parties.
5. Mecklenburg Health Care Center was insured for workers' compensation purposes by EBI/Royal Sunalliance Company.
6. The plaintiff's average weekly wage will be calculated pursuant to a Form 22 wage chart provided at the hearing by defendants.
7. In addition to the deposition transcripts and the exhibits attached thereto, the parties stipulated into evidence in this matter a packet of the plaintiff's medical records. The plaintiff also introduced and the undersigned admitted the following exhibits: (1) Presbyterian Healthcare emergency department discharge sheet dated 25 April 1999, and (2) out of work note from Dr. Raad dated 25 August 1999. Defendants introduced and the undersigned admitted the following exhibits: (1) Family and Medical Leave Act application dated 12 May 1999; (2) Family and Medical Leave Act application dated 21 May 1999; and (3) absence report dated 16 February 1999 for the plaintiff missing work because of leg pain.
8. The issues to be determined as a result of this hearing are whether the plaintiff sustained a compensable injury by accident on 8 April 1999, and if so, to what medical and indemnity benefits is she entitled. If this claim is found to be the result of a work-related injury, defendants allege that the plaintiff's claim is time-barred for her failure to give timely notice of her claim.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner the plaintiff was 56 years old and not working in any capacity. The plaintiff completed the ninth grade and does not have a GED. Prior to her employment with defendant-employer, she worked as a cook for 28 years for another healthcare facility. Approximately two years before April 1999, the plaintiff became employed by defendant-employer as a cook.
2. The plaintiff has a preexisting history of back problems. In 1991 or 1992, the plaintiff sustained an on-the-job injury in which she suffered a lumbar strain while working for her former employer. As a result of this work-related injury, for which no surgery was done, the plaintiff was out of work for over three years.
3. Thereafter, in October 1997, the plaintiff was involved in a motor vehicle accident. In this accident the plaintiff sustained injuries to her neck, leg, and back, and after it she also experienced headaches. The plaintiff received treatment for these injuries and was totally disabled as a result of the motor vehicle accident for approximately one month.
4. The plaintiff testified that on 8 April 1999, in the course of her employment, she went into the walk-in cooler to get a box of eggs. When she reached up to get the box, she felt a pop in her back and experienced back pain.
5. The plaintiff immediately told Cassandra King, her supervisor, that the plaintiff had hurt her back getting the eggs. However, Ms. King did not provide the plaintiff with the paperwork to report the incident.
6. Ms. King's supervisor, Dan Rosenbalm, the dietary manager for defendant-employer, recalled that the plaintiff told him in early May 1999 that she had hurt her back moving something in the cooler. Rosenbalm reported that the plaintiff complained of "a knot on her back" at that time.
7. On 12 May 1999 and again on 21 May 1999, the plaintiff filed a claim for Family and Medical Leave Act benefits. Apparently the plaintiff sought a leave of absence instead of immediately pursuing workers' compensation benefits.
8. The plaintiff filed a Form 18 on 1 October 1999.
9. The plaintiff first sought medical treatment on 23 or 24 April 1999 when she reported to her family physician. There are no medical notes from that visit, only a certificate taking the plaintiff out of work from 24 April 1999 through 2 May 1999.
10. The plaintiff reported to the emergency department at Presbyterian Healthcare on 25 April 1999. She was given medication and referred to her family physician for ongoing care if warranted.
11. The plaintiff thereafter was treated by Dr. Raad, her family doctor. Dr. Raad noted swelling on the left side of the plaintiff's body, and began to worry about the presence of a mass of some sort. A CT scan was done on the plaintiff's stomach on 18 May 1999 that revealed a hernia. Dr. Raad continued to treat the plaintiff conservatively for back spasms and he continued to keep her out of work. He also referred the plaintiff for chiropractic treatment.
12. The plaintiff further reported to Dr. Schmitt that she felt a pop in her back as she was throwing garbage bags out at work subsequent to the 8 April 1999 incident.
13. The plaintiff underwent a lumbar CT scan on 25 August 1999 that revealed degenerative disc disease, spondylosis, and spinal canal stenosis at L3-4 and more markedly at L4-5.
14. The plaintiff was last treated by Dr. Raad in August 1999, at which time he wrote her out of work indefinitely.
15. There is insufficient evidence of record from which to determine by its greater weight that the plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 8 April 1999, or that plaintiff sustained a specific traumatic incident of the work assigned on 8 April 1999.
16. There is insufficient medical evidence from which to determine by its greater weight that the plaintiff's back condition was caused or related to an incident at work on 8 April 1999.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 8 April 1999, or that she sustained a specific traumatic incident of the work assigned on 8 April 1999. N.C.G.S. § 97-2(6).
2. The plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall bear its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER